LAWRENCE TYPOGRAPHICAL UNION, affiliated with International Typographical Union, AFL-CIO, Plaintiff,

v.

Frank W. McCULLOCH et al., Individually and as members of and constituting the National Labor Relations Board, Defendants.

Civ. A. No. 1969-63.

United States District Court District of Columbia.

Oct. 3, 1963.

Gerhard P. Van Arkel, George Kaufmann, Washington, D. C., for plaintiff.

Marcel Mallet-Prevost, James C. Paras, N. L. R. B., Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the court on a complaint by the plaintiff, Lawrence Typographical Union, to enjoin the defendants, National Labor Relations Board, from conducting a representation election among the composing room and mailroom employees of the Kansas Color Press, Inc.

The plaintiff Union has for several years been the collective bargaining representative of the employees. The last agreement between the employer and the employees expired on May 31, 1961. Subsequent negotiations for a new contract were unsuccessful; and, on September 19, 1961, the members of the Union went on strike. The employer continued to operate by hiring new employees and the strike has continued through the present time.

On January 15, 1963, two individuals, apparently employees of the Kansas Color Press, filed petitions under § 9(c) (1) (A) (ii) of the Labor Management Relations Act of 1947, 61 Stat. 136 et seq., 29 U.S.C. § 141 et seq., to decertify the Union as the bargaining representative of the mailroom employees. A similar petition was filed on January 21, 1963 on behalf of the composing room employees.

Subsequently, on February 12, 1963, the Union charged that the employer had initiated and fostered the above mentioned decertification petitions, in violation of section 8(a) (1) and (2) of the Act (29 U.S.C. § 158(a) (1) and (2)). On March 26, 1963, the Regional Director of the Board refused to issue a complaint on the charge by the Union. This refusal was thereafter sustained by the General Counsel of the Board.

On May 7, 1963, a hearing officer conducted a hearing on the decertification petitions in order to determine whether a question of representation existed. At this hearing, the Union offered evidence to support the contention that the petitions had been initiated or fostered by the employer. The hearing officer did not allow the Union to introduce this evidence. This ruling was subsequently sustained by the Regional Director on the authority of prior Board decisions that "unfair labor practice allegations are not properly litigable in a representation proceeding." An election was ordered on the basis of the petitions and the hearing.

The Union appealed the ruling of the Regional Director and, on June 23, 1963, the Board denied the appeal on the ground that "it raises no substantial issues warranting review". This refusal is currently under review by the General Counsel of the Board.

The plaintiff now asks this court to declare the decision to conduct an election to be contrary to law and null and void and to enjoin the defendants from conducting an election.

The Board has moved to dismiss the complaint, or, in the alternative, for summary judgment.

 At the outset, the question of the jurisdiction of this court was raised. It is, however, well settled that the District Court has jurisdiction of an orig-

inal suit to vacate a determination of the Board made in excess of its powers. As stated by the Supreme Court in Leedom v. Kyne, 1958, 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210,

> "(T)his case * * * involves 'unlawful action of the Board (which) has inflicted an injury on the (respondent).' Does the law, 'apart from the review provisions of the * * * Act,' afford a remedy? We think the answer surely must be yes."

Further, the Court of Appeals for the District of Columbia Circuit recently stated that orders of the Board are judicially reviewable "if the Board 'acts in excess of its delegated powers and contrary to a specific prohibition in the Act * * *'". Miami Newspaper Printing Pressmen's Union Local 46 v. McCulloch, 116 U.S.App.D.C., ——, 322 F.2d 993, on page 996. No. 17,459, July 18, 1963.

The gravamen of the complaint here asserts that the Board has disobeyed the mandate of sec. 9(c) (1) of the Act. Thus, if the defendant has exceeded its statutory authority, and if the plaintiff has been injured as a result thereof, this court has jurisdiction to remedy the effect of the unlawful action.

Section 9(c) (1) of the Act, 29 U.S.C. § 159(c) (1) provides:

> " * * * the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists *shall provide for an appropriate hearing* upon due notice. (our emphasis)

The question then is, did the defendant conduct an "appropriate hearing" on the representation issue in denying the plaintiff's offer of evidence on company interference.

■■ The fact that the Union has been precluded from introducing evidence of an unfair labor practice at the representation hearing does not indicate a violation of the Act. Neither does it indicate that the Board was arbitrary in this refusal. If the Union has evidence of employer domination, it may initiate an unfair labor practice case by alleging a violation of Section 8(a) (2) of the Act. If the allegation appears substantial, the General Counsel may issue a complaint and prosecute before a Trial Examiner. The Union, however, has not sustained this preliminary burden.

■ In accordance with the procedures established by the Board, the hearing officer may not adduce such evidence of an alleged unfair labor practice in a representation hearing. The Board enunciated this policy in Union Mfg. Co., 123 N.L.R.B. 1633, 1634,

> "We have carefully considered and reappraised the relative advantages and disadvantages of retaining, as an exception to the general rule, the practice of allowing issues of employer instigation of, or assistance in, the filing of the decertification petition to be litigated in the representation proceeding. It is our opinion that the same factors which weigh against permitting litigation of unfair labor practice matters in other types of representation cases are present, and should likewise prevail in decertification cases. If there is a basis for alleging employer responsibility for the filing of a decertification petition, the Board's complaint procedures provide a forum in which such an issue may be properly litigated, and an appropriate remedy obtained. At the same time, valid decertification petitions may be processed with a minimum of complication and delay. Accordingly, we herein enunciate the Board policy to exclude from decertification cases any evidence of employer participation in the institution of the proceeding, whether the alleged evidence pertains to showing of interest or to employer responsibility for the filing of the petition."

This policy appears to be sound and it certainly does not contravene the dictates of Congress to conduct an "appropriate

hearing" in representation cases. This is a discretionary matter and is unlike Leedom v. Kyne, which rested on a "specific prohibition in the Act", supra, 358 U.S. at 188, 79 S.Ct. at 184.

It is the opinion of this court that the Board has conducted this hearing within the requirements of section 9(c) of the Act.

Therefore, in accordance with the foregoing, it is this 3rd day of October, 1963,

Ordered, that plaintiff's motion for a preliminary injunction be, and the same hereby is, denied; and

Further ordered, that defendants' motion for summary judgment be, and the same hereby is, granted.

Counsel for defendants may submit findings of fact and conclusions of law in accordance with this memorandum.